UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIKEAL THOMAS VANHORN,

      Plaintiff,                                CIVIL ACTION NO. 09-14940

      v.                                        DISTRICT JUDGE BERNARD A. FRIEDMAN

COMMISSIONER OF                     MAGISTRATE JUDGE MARK A. RANDON
SOCIAL SECURITY,

      Defendant.
_____/

**REPORT AND RECOMMENDATION
ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

**I.    PROCEDURAL HISTORY**

    *A.    Proceedings in this Court*

On December 21, 2009, Plaintiff filed the instant suit seeking judicial review of the Commissioner's decision disallowing benefits (Dkt. No. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), this matter was referred to the undersigned for the purpose of reviewing the Commissioner's decision denying Plaintiff's claim for a period of Disability Insurance benefits (Dkt. No. 2). This matter is currently before the Court on cross-motions for summary judgment (Dkt. Nos. 11, 16).

    *B.    Administrative Proceedings*

Plaintiff filed the instant claims on August 18, 2006, alleging that he became unable to work on December 20, 2005 (Tr. 112-116). The claim was initially disapproved by the Commissioner on March 26, 2007 (Tr. 52-55). Plaintiff requested a hearing and, on April 21, 2009, Plaintiff appeared with counsel before Administrative Law Judge (ALJ) John Murdock, who considered the

case *de novo*. In a decision dated June 23, 2009, the ALJ found that Plaintiff was not disabled (Tr. 30-39). Plaintiff requested a review of this decision on June 30, 2009 (Tr. 25-27). The ALJ's decision became the final decision of the Commissioner when the Appeals Council, on October 15, 2009, denied Plaintiff's request for review (Tr. 22-24).

In light of the entire record in this case, I find that substantial evidence supports the Commissioner's determination that Plaintiff is not disabled. Accordingly, it is **RECOMMENDED** that Plaintiff's motion for summary judgment be **DENIED**, Defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

## II. STATEMENT OF FACTS

### A. *ALJ Findings*

Plaintiff was 37 years old at the time of the most recent administrative hearing (Tr. 38). Plaintiff's relevant work history included work as an assembler, assembler inspector and teacher's aide (Tr. 38). The ALJ applied the five-step disability analysis to Plaintiff's claim and found at step one that Plaintiff had not engaged in substantial gainful activity since December 20, 2005 (Tr. 35). At step two, the ALJ found that Plaintiff had the following "severe" impairments: carpal tunnel syndrome, seizures, head injury and leg pain. *Id.* At step three, the ALJ found no evidence that Plaintiff's combination of impairments met or equaled one of the listings in the regulations. (Tr. 36) Between steps three and four, the ALJ found that Plaintiff had the Residual Functional Capacity (RFC) to perform "sedentary work...except limited climbing without using ropes, ladders, or scaffolds; limited kneeling, crouching, stooping, and crawling; never any balancing; work environments without any vibration, machine or height hazards; limited fine manipulation; and simple, repetitive tasks/instructions, with minimal tolerable stress" (Tr. 36). At step four, the ALJ found that Plaintiff could not perform his previous work as an assembler, assembler inspector or

teacher's aide (Tr. 38). At step five, the ALJ denied Plaintiff benefits, because the ALJ found that Plaintiff could perform a significant number of jobs available in the national economy, such as information clerk (88,000 jobs in the national economy) (Tr. 39).

### B. Administrative Record

Plaintiff does not dispute on appeal the ALJ's consideration of the medical evidence or the ALJ's finding that he had the residual functional capacity to perform a reduced range of sedentary work. Rather, Plaintiff disputes only the ALJ's reliance on the vocational expert's testimony. Because Plaintiff's medical conditions and the limiting effects of those conditions are not in dispute in this case, there is no need to summarize Plaintiff's medical records, as is customarily done.

#### 1. Plaintiff's Testimony and Statements

Plaintiff testified that he was unable to drive due to seizures and that his seizures sometimes caused memory lapses (Tr. 9-10). Plaintiff stated that he was not always aware of the fact that he was experiencing a seizure, but that he knew he had a seizure every six to nine months and that he sometimes had two or three in one day (Tr. 9-11). Plaintiff testified that he injured his left leg in 1999 and had three blood clots in the leg since that time (Tr. 12). He also stated that he had experienced chronic pain in his left ankle since high school (Tr. 12). Plaintiff testified that he had carpal tunnel syndrome and that right carpal tunnel release surgery had improved the symptoms in his right hand (Tr. 15).

#### 2. Vocational Expert

The ALJ asked the vocational expert (VE) what work could be performed by a hypothetical person with Plaintiff's age, education, and past relevant work experience who was limited to light or sedentary work and had additional limitations including: no industrial climbing of ropes, ladders, and scaffolds; no balancing; only occasional climbing, stooping, kneeling, crouching, and crawling;

must avoid vibration, hazardous machinery, and heights; only simple, repetitive tasks and instructions; and only low-stress work (Tr. 18). The VE testified that such a person could perform light work as an assembler (250,000 jobs in the nation), inspector (96,000 jobs in the nation), and cleaner (72,000 jobs in the nation) (Tr. 18-19). The VE testified that such a person could perform sedentary work as an inspector (11,000 jobs in the nation), information clerk (88,000 jobs in the nation), and order clerk (27,000 jobs in the nation) (Tr. 18-19). The ALJ asked whether those positions were "all as found in the DOT" and the VE testified that they were (Tr. 19).

The ALJ next asked the VE whether his testimony would change if a restriction was added that the person could perform only occasional fine manipulation (Tr. 19-20). The VE testified that in the light jobs, it would eliminate 90% of the assembler jobs, but would not impact the number of cleaner and inspector jobs (Tr. 20). The VE stated that of the sedentary jobs, the inspector and order clerk jobs would be eliminated, but that this additional restriction would not impact the information clerk position (Tr. 20).

### C. *Plaintiff's Claims of Error*

Plaintiff argues that the ALJ erred in relying on the VE's testimony that a person with his limitations could perform work as an information clerk because the Dictionary of Occupational Titles (DOT) does not list any unskilled, sedentary information clerk positions (Pl.'s Brief at 6-8). Plaintiff also argues that the ALJ erred in relying on the VE's testimony that jobs existed that could be performed with his RFC, because the limitation to only occasional fine manipulation would greatly reduce the pool of sedentary jobs (Pl.'s Brief at 9-10).

## III. DISCUSSION

### A. *Standard of Review*

In enacting the Social Security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *See Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Id.*; *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may...consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*,

502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting, Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *See Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *See Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has

been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed.Appx. 521, 526 (6th Cir. 2006).

### B.     *Governing Law*

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord, Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program ("DIB") of Title II (42 U.S.C. §§ 401 *et seq*.) and the Supplemental Security Income Program ("SSI") of Title XVI (42 U.S.C. §§ 1381 *et seq*.). Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, *Federal Disability Law and Practice* § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also*, 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments, that "significantly limits...physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three: If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that the claimant can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by his impairments and the fact that he is precluded from performing his past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

## C. Analysis and Conclusions

As noted earlier, Plaintiff argues that the ALJ erred in relying on the VE's testimony that a person with his limitations could perform work as an information clerk because the Dictionary of Occupational Titles (DOT) does not list any unskilled, sedentary information clerk positions (Pl.'s Brief at 6-8). Plaintiff specifically avers, based on Social Security Ruling (SSR) 00-04p, 2000 WL 1898704, and *Teverbaugh v. Comm'r of Soc. Sec.*, 258 F.Supp.2d 702 (E.D. Mich. 2003), that because the DOT does not contain any sedentary, unskilled information clerk positions, the ALJ was not entitled to rely on the VE's testimony that such positions existed (Pl.'s Brief at 7-8). Defendant responds that, even if Plaintiff is correct that such positions are not listed in the DOT, the ALJ was entitled to rely on the VE's testimony, and Plaintiff has failed to identify any reversible error. Defendant is correct.

Neither SSR 00-04p nor *Teverbaugh* state that an ALJ commits reversible error by relying on a VE's testimony when it is later revealed that there may have been a conflict between the VE's testimony and the DOT. Rather, these decisions explain that an ALJ must ask about any conflicts and then obtain a reasonable explanation for any conflict that becomes apparent. SSR 00-04p provides that when a VE provides evidence about the requirements of a job, the ALJ must ask the VE whether the evidence he or she provided conflicts with the information in the DOT, and if the VE's testimony appears to conflict with the DOT, the ALJ must obtain a reasonable explanation for the conflict. The court in *Teverbaugh* recited the requirement in SSR 00-04p that an ALJ must inquire at the hearing as to whether there is a conflict between the VE's testimony and the DOT and must elicit a reasonable explanation for an apparent unresolved conflict. *See Teverbaugh*, 258 F.Supp.2d at 705-706.

In *Teverbaugh*, the ALJ failed to inquire whether there were any conflicts between the VE's testimony and the DOT. *Id*. at 705. However, as explained in *Lindsley v. Commissioner of Social Security.*, 560 F.3d 601, 606 (6th Cir. 2009), once an ALJ asks a VE whether his or her testimony is consistent with the DOT, there is no requirement that the ALJ interrogate the VE any further. Here, the ALJ did not commit reversible error because he asked the VE whether his testimony was consistent with the DOT, and the VE testified that it was (Tr. 19).

Furthermore, Plaintiff was represented by counsel at the hearing and, although his attorney was given the opportunity to examine the VE, Plaintiff's attorney did not question the VE about any apparent, unresolved conflicts between the DOT and the VE's testimony. Because Plaintiff did not bring the conflict to the attention of the ALJ during the hearing, the ALJ did not need to resolve any conflict further. *See Martin v. Comm'r of Soc. Sec.*, 170 Fed. App'x. 369, 374 (6th Cir. 2006) (ALJ was entitled to rely on the VE's testimony when the ALJ asked whether the VE's testimony was consistent with the DOT, the VE [mistakenly] responded that it was, and the claimant did not bring the VE's mistake to the ALJ's attention). In sum, because there were not apparent unresolved conflicts between the VE's testimony and the DOT, the ALJ was entitled to rely on the VE's testimony that a person with Plaintiff's RFC could work as an information clerk.

Plaintiff also argues that the ALJ erred in relying on the VE's testimony that jobs existed that could be performed with his RFC, because the limitation to only occasional fine manipulation would greatly reduce the pool of sedentary jobs (Pl.'s Brief at 9-10). Plaintiff cites SSR 83-10, 1983 WL 31251 (1983), SSR 83-14, 1983 WL 31254 (1983), and SSR 85-15, 1985 WL 56857 (1985) for the proposition that a person with a limited ability to perform fine manipulation could perform few sedentary jobs (Pl.'s Brief at 9-10). Defendant responds that Plaintiff's argument is unavailing

because the VE's testimony was entirely consistent with the guidance in the cited rulings. Here again, Defendant is correct.

The portions from the rulings that Plaintiff quotes all provide, in essence, that a person who is limited in his or her ability to perform tasks requiring bilateral manual dexterity cannot perform many sedentary jobs. The VE testified that a person who was limited to a reduced range of sedentary work as described by the ALJ would be capable of performing jobs such as inspector, information clerk, and order clerk (Tr. 18-19). When the ALJ asked which jobs would remain if the person could perform only occasional bilateral manual dexterity, the VE testified that the information clerk job would remain (Tr. 19-20). Plaintiff has failed to identify any error because the VE's testimony reflected the fact that a limitation on bilateral manual dexterity would significantly impact the sedentary job base.

### III. RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's motion for summary judgment be **DENIED**, that Defendant's motion for summary judgment be **GRANTED** and that the findings and conclusions of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*,

829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon<br>
MARK A. RANDON<br>
UNITED STATES MAGISTRATE JUDGE

Dated: December 13, 2010

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, December 13, 2010, electronically and by first class mail.*

*s/Melody R. Miles*<br>
*Case Manager to Magistrate Judge Mark A. Randon*<br>
*(313) 234-5542*